**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THERAPY MY WAY PSYCHOLOGY P.C. and AURORA COUNSELING SERVICES LLC, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITEDHEALTH GROUP INCORPORATED, UNITEDHEALTHCARE SERVICES, INC., OPTUM INSIGHT, CHANGE HEALTHCARE INC., CHANGE HEALTHCARE OPERATIONS, LLC, CHANGE HEALTHCARE SOLUTIONS, LLC, CHANGE HEALTHCARE HOLDINGS, INC., CHANGE HEALTHCARE TECHNOLOGIES, LLC, CHANGE HEALTHCARE PHARMACY SOLUTIONS, INC., OPTUM, INC., OPTUM FINANCIAL, INC., OPTUM BANK, and OPTUM PAY,<br><br>*Defendants*. | REMOVED FROM SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF NASSAU, COMMERCIAL DIVISION INDEX NO. 603362/2026<br><br>Civil Action No. ________________ |

**NOTICE OF REMOVAL**

Defendants UnitedHealth Group Incorporated, United HealthCare Services, Inc., OptumInsight, Inc., Change Healthcare Inc., Change Healthcare Operations, LLC, Change Healthcare Solutions, LLC, Change Healthcare Holdings, Inc., Change Healthcare Technologies, LLC, Change Healthcare Pharmacy Solutions, Inc., Optum, Inc., Optum Financial, Inc., Optum Bank, Inc., and Optum Pay (together, "Defendants") file this Notice of Removal in accordance with 28 U.S.C. §§ 1332, 1441, and 1446, and remove this action from the Supreme Court of the

State of New York, County of Nassau, Index No. 6033362/2026, to the United States District Court for the Eastern District of New York.[1] As its reasons for removal, Defendants state:

## BACKGROUND

1. By Summons and Complaint, Plaintiffs Therapy My Way Psychology P.C. and Aurora Counseling Services LLC ("Plaintiffs") commenced a civil action against Defendants in the Commercial Division of the Supreme Court of the State of New York, County of Nassau, titled Therapy My Way Psychology P.C. and Auroa Counseling Services LLC, on behalf of themselves and all others similarly situated, against UnitedHealth Group Incorporated, UnitedHealthcare Services, Inc., Optum Insight, Change Healthcare Inc., Change Healthcare Operations, LLC, Change Healthcare Solutions, LLC, Change Healthcare Holdings, Inc., Change Healthcare Technologies, LLC, Change Healthcare Pharmacy Solutions, Inc., Optum, Inc., Optum Financial, Inc., Optum Bank, and Optum Pay, Index No. 6033362, filed on February 12, 2026 (the "State Court Action"). A true and accurate copy of the Summons and Complaint that Plaintiff caused to be served upon Defendants is attached as **Exhibit A** and constitutes all processes, pleadings, and orders served upon Defendants in this action to the present date. 28 U.S.C. § 1446(a).[2]

2. Pursuant to an agreement with Plaintiffs' counsel, Defendants through stipulation waived serviced of the Summons and Complaint in the State Court Action on April 14, 2026,

---

[1] The complaint names Optum Pay as a Defendant. However, Optum Pay is not a legal entity and cannot be sued. See Mem. Op. and Order, In Re: Change Healthcare, Inc. Customer Data Sec. Breach Litig., No. 0:24-md-03108 (D. Minn.), Dkt. 483 at 14 n.9 ("Optum Pay is not a legal entity and therefore cannot be sued").

[2] The Complaint relates to a cyberattack suffered by Defendants on or about February 21, 2024. Over 150 cases have been brought against Defendants and Defendants' parent companies in connection with the same cyberattack. On June 7, 2024, the Judicial Panel for Multistate Litigation (JPML) instituted a Multi-District Litigation in the District of Minnesota to centralize cases arising from the cyberattack for pre-trial proceedings: *In Re: Change Healthcare, Inc. Customer Data Security Breach Litigation*, No. 0:24-md-03108-DWF-DJF (D. Minn.). Defendants are filing, contemporaneously with this Notice of Removal, a Notice of Potential Tagalong with the JPML to consider whether this case should be consolidated as part of the MDL for pre-trial proceedings.

which is attached as **Exhibit B**. The instant Notice of Removal is being filed within thirty (30) days of the service date. 28 U.S.C. § 1446(b).

3. Attached as **Exhibit C** is a copy of the Notice of Filing of Notice of Removal, the original of which is being filed with the State Court. 28 U.S.C. § 1446(d).

## DIVERSITY JURISDICTION

4. This Court has diversity jurisdiction over the Complaint, pursuant to 28 U.S.C. § 1332, under both "traditional" diversity (28 U.S.C. § 1332(a)) and diversity under the Class Action Fairness Act (28 U.S.C. § 1332(d)).

### 28 U.S.C. § 1332(a)

5. The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.

6. Plaintiff Therapy My Way P.C. ("TMW") alleges it is a licensed healthcare provider in Plainview, New York. Compl. ¶ 270. Plaintiff TMW further alleges it resides in Nassau County, New York. Compl. ¶ 15. Counsel for Plaintiff TMW has stated and represented to Defendants' Counsel that for purposes of diversity jurisdiction, Plaintiff TMW is a citizen of New York. According to the New York Department of State, TMW was organized on February 14, 2020 and has a New York address. Accordingly, Plaintiff TMW is a citizen of New York for purposes of assessing jurisdiction under 28 U.S.C. § 1332(a).

7. Plaintiff Aurora Counseling Services LLC ("Aurora Counseling") alleges that it is a mental health practice located and registered in Staten Island, New York. Compl. ¶ 276. Plaintiff Aurora Counseling is a limited liability company. The citizenship of a limited liability company for purposes of assessing jurisdiction under 28 U.S.C. § 1332(a) is determined by the citizenship

of all of its members. *See Platinum-Montaur Life Scis, LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 615 (2d Cir. 2019). According to a filing with the New York Secretary of State's Office, Aurora Counseling was organized on March 16, 2020. Additionally, Counsel for Plaintiff Aurora Counseling has stated and represented to Defendants' Counsel that for purposes of diversity jurisdiction, Plaintiff Aurora Counseling and all its members are citizens of New York. Accordingly, Plaintiff Aurora Counseling is a citizen of New York for purposes of assessing jurisdiction under 28 U.S.C. § 1332(a).

8. Defendant UnitedHealth Group Incorporated is a corporation formed under the laws of Delaware and its principal place of business is in Minnesota. Accordingly, Defendant UnitedHealth Group Incorporated is a citizen of Delaware and Minnesota for purposes of diversity jurisdiction.

9. Defendant United HealthCare Services, Inc. is a corporation formed under the laws of Minnesota and its principal place of business is in Minnesota. Accordingly, Defendant United HealthCare Services, Inc. is a citizen of Minnesota for purposes of diversity jurisdiction.

10. Defendant Change Healthcare Inc. is a corporation formed under the laws of Delaware and its principal place of business is in Minnesota. Accordingly, Defendant Change Healthcare Inc. is a citizen of Delaware and Minnesota for purposes of diversity jurisdiction.

11. Defendant Change Healthcare Holdings, Inc. is a corporation formed under the laws of Delaware and its principal place of business is in Minnesota. Accordingly, Defendant Change Healthcare Holdings, Inc. is a citizen of Delaware and Minnesota for purposes of diversity jurisdiction.

12. Defendant Change Healthcare Pharmacy Solutions, Inc. is a corporation formed under the laws of Maine and its principal place of business is in Minnesota. Accordingly,

Defendant Change Healthcare Pharmacy Solutions, Inc. is a citizen of Maine and Minnesota for purposes of diversity jurisdiction.

13. Defendant Optum, Inc. is a corporation formed under the laws of Delaware and its principal place of business is in Minnesota. Accordingly, Defendant Optum, Inc. is a citizen of Delaware and Minnesota for purposes of diversity jurisdiction.

14. Defendant OptumInsight, Inc. is a corporation formed under the laws of Delaware and its principal place of business is in Minnesota. Accordingly, Defendant OptumInsight, Inc. is a citizen of Delaware and Minnesota for purposes of diversity jurisdiction.

15. Defendant Optum Financial, Inc. is a corporation formed under the laws of Delaware and its principal place of business is in Minnesota. Accordingly, Defendant Optum Financial, Inc. is a citizen of Delaware and Minnesota for purposes of diversity jurisdiction.

16. Defendant Optum Bank, Inc. is a corporation formed under the laws of Utah and its principal place of business is in Utah. Accordingly, Defendant Optum Bank, Inc. is a citizen of Utah for purposes of diversity jurisdiction.

17. Defendant Change Healthcare Operations, LLC is a Delaware limited liability company. The citizenship of a limited liability company is determined by its members. *Platinum-Montaur*, 943 F.3d at 615. The sole member of Change Healthcare Operations, LLC is Change Healthcare Holdings, Inc. Change Healthcare Holdings, Inc. is incorporated in the State of Delaware, and its principal place of business is in Minnesota. Accordingly, Defendant Change Healthcare Operations, LLC is a citizen of Delaware and Minnesota for diversity purposes.

18. Defendant Change Healthcare Solutions, LLC is a Delaware limited-liability company. The sole member of Change Healthcare Solutions, LLC is Change Healthcare Operations, LLC, a Delaware limited-liability company. The sole member of Change Healthcare

Operations, LLC is Change Healthcare Holdings, Inc. Change Healthcare Holdings, Inc. is incorporated in the State of Delaware, and its principal place of business is in Minnesota. Accordingly, Defendant Change Healthcare Solutions, LLC is a citizen of Delaware and Minnesota for diversity purposes.

19. Defendant Change Healthcare Technologies, LLC is a Delaware limited-liability company. The sole member of Change Healthcare Technologies, LLC is Change Healthcare Holdings, LLC, a Delaware limited-liability company. The sole member of Change Healthcare Holdings, LLC is Change Healthcare Intermediate Holdings, LLC, a Delaware limited-liability company. The sole member of Change Healthcare Intermediate Holdings, LLC is Change Healthcare LLC, a Delaware limited-liability company. The sole member of Change Healthcare LLC is Change Healthcare Holdco Inc. Change Healthcare Holdco Inc. is incorporated in the State of Delaware, and its principal place of business is in Minnesota. Accordingly, Defendant Change Healthcare Technologies, LLC is a citizen of Delaware and Minnesota for diversity purposes.

20. Defendant Optum Pay is not a legal entity, and its citizenship has no impact on diversity jurisdiction. Plaintiff admits Optum Pay is not a legal entity. *See* Compl. ¶ 29; *see also* Mem. Op. and Order, *In Re: Change Healthcare, Inc. Customer Data Sec. Breach Litig.*, No. 0:24-md-03108 (D. Minn.), Dkt. 483 at 14 n.9 ("Optum Pay is not a legal entity and therefore cannot be sued").

21. Because Plaintiffs are citizens of New York and Defendants are citizens of Delaware, Maine, Minnesota, and Utah, complete diversity exists between Plaintiffs and Defendants.

22. Although the Complaint does not specify the precise amount of damages sought, the preponderance of the evidence shows that the amount in controversy exceeds $75,000. The

Complaint alleges that Plaintiff TMW was unable to submit claims, receive ERAs, and receive payment for its medical care to patients. Compl. ¶ 272. Plaintiff TMW further alleges it did not receive the services it paid for from Defendant Change and suffered monetary losses via rejected and/or delayed payments and spending inordinate resources and time investigating the network outage and alternative methods to receive payment for medical care. Compl. ¶ 273. Plaintiff TMW allegedly had to take out a $65,000.00 emergency loan with a 31 percent interest rate and was allegedly forced to forego $91,000.00 of salary payments and to use approximately $50,000 from their retirement fund to pay the practice’s expenses during the network outage. Compl. ¶ 274.

23. Plaintiff Aurora Counseling alleges it was unable to submit claims, receive ERAs, and receive payment for its medical care to patients. Compl. ¶ 278. Plaintiff Aurora Counseling further alleges it suffered monetary losses via rejected and/or delayed payments for medical care and spending significant time and resources investigating the network outage and alternative methods to receive payment for medical care. Compl. ¶ 279. Plaintiff Aurora Counseling was allegedly forced to participate in Defendants Temporary Funding Assistance Program (“TFAP”) and received an advance of $200,000.00, allegedly took out a $4,000.00 personal loan and exhausted its business savings account of approximately $90,000.00 to fund its operations. Compl. ¶ 281. Additionally, Plaintiffs seek treble and/or punitive or exemplary damages. *See* Compl., Request for Relief.

24. Therefore, Defendants assert in good faith that the amount in controversy exceeds $75,000 in value. *See* 28 U.S.C. § 1446(c)(2).

**<u>28 U.S.C. § 1332(d)</u>**

25. This Court also has jurisdiction over the Complaint pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because the Complaint is a class action, at least one member of

the class (Plaintiff) is a citizen of a state different from Defendants, Defendants are not a State, State official, or other governmental entity, the number of members of the proposed plaintiff class is not less than 100, and the amount in controversy exceeds the sum or value of $5,000,000.

26. As stated above, Plaintiffs allege they are citizens of New York, while Defendants are citizens of Delaware, Minnesota, Utah, and Maine. Thus, at least minimum diversity exists.

27. The Complaint alleges that Defendants' Change Platform "is connected to more than 800,000 providers" and "involved in one in every three patient records." Compl ¶ 287. Since Plaintiffs seek to represent a nationwide class of providers, Compl. ¶ 283, the number of members of the proposed class is greater than 100.

28. Furthermore, the amount in controversy is more than $5,000,000. The Complaint alleges that "providers did not timely receive billions of dollars in earned reimbursements." Compl. ¶ 5. Since Plaintiff seeks to represent a nationwide class of providers, the amount in controversy exceeds $5,000,000.

29. Because the requirements for diversity jurisdiction are satisfied, this Court has jurisdiction over all claims and parties pursuant to 28 U.S.C. § 1332(a) and (d). The Complaint is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

## RESERVATION OF RIGHTS AND DEFENSES

30. Defendants reserve any and all defenses, including, but not limited to, those under Federal Rule of Civil Procedure 12, and does not waive said defenses by the filing of the Notice of Removal.

31. Defendants do not admit any of the allegations in Plaintiffs' Complaint, and do not concede that Plaintiffs are entitled to any relief.

32. Defendants reserve the right to amend or supplement the Notice of Removal as necessary.

**REMOVAL TO THIS DISTRICT IS PROPER**

33. This Notice of Removal is being filed in the Eastern District of New York, the District Court of the United States for the district and division within which the State Court Action is pending. 28 U.S.C. § 112, and 28 U.S.C. §§ 1441(a) & 1446(a).

34. WHEREFORE, Defendants respectfully request that the State Court Action be removed and proceed in the United States District Court for the Eastern District of New York.

Dated: April 17, 2026

Respectfully submitted,

*/s/ Phoebe A. Wilkinson*

Phoebe A. Wilkinson
HOGAN LOVELLS US LLP
390 Madison Ave.
New York, NY 10017
Tel: (212) 918-3010
Fax: (212) 918-3100
phoebe.wilkinson@hoganlovells.com

*Counsel for Defendants UnitedHealth Group Incorporated, United HealthCare Services, Inc., OptumInsight, Inc., Change Healthcare Inc., Change Healthcare Operations, LLC, Change Healthcare Solutions, LLC, Change Healthcare Holdings, Inc., Change Healthcare Technologies, LLC, Change Healthcare Pharmacy Solutions, Inc., Optum, Inc., Optum Financial, Inc., Optum Bank, Inc., and Optum Pay*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document, which was filed with the Court through the Court's CM/ECF system, will be sent via electronic mail to the following parties:

Parker Hutchinson
GIBBS MURA LLP
136 Madison Ave., Suite 541
New York, NY 10016
pnh@classlawgroup.com

David Berger
GIBBS MURA LLP
1111 Broadway, Suite 2100
Oakland, CA 94607
dmb@classlawgroup.com

E. Michelle Drake
BERGER MONTAGUE
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
emdrake@bm.net

Thomas A. Zimmerman, Jr.
ZIMMERMAN LAW OFFICES, P.C.
77 W. Washington Street, Suite 1220
Chicago, IL 60602
tom@attorneyzim.com

Dated: April 17, 2026

*/s/ Phoebe A. Wilkinson*
Phoebe A. Wilkinson